**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1331
_____

WILLIAM E. VUKICH,

Appellant

v.

PENNSYLVANIA JUDICIAL SYSTEM
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00805)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 3, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Vukich appeals pro se from the District Court's dismissal of his civil action. For the reasons that follow, we will affirm that judgment.

## I.

In 2008, Vukich pleaded guilty in the Court of Common Pleas of Beaver County, Pennsylvania, to multiple offenses. He was sentenced to an aggregate prison term of two to four years, to be followed by a term of probation. In 2013, he violated his probation and was sentenced to an additional prison term of one to three years.

In 2018, Vukich filed a pro se action in the District Court against the "Judicial System of Pennsylvania," appearing to take issue with both of his sentences.[1] In January 2019, the District Court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B), stating that his complaint, which was titled "Motion Illegal Action bestowed upon Petitioner," was barred by the Eleventh Amendment. This timely appeal followed.[2]

## II.

Vukich's District Court filings were not models of clarity. But he indicates in his appellate brief that he is seeking "[c]ompensat[ion]" for "the seven illegal years he spent

---

[1] Although one of Vukich's District Court filings referred to the defendant as the "Judicial Systems of the United States," his allegations were directed at the Pennsylvania judicial system only.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we may affirm that order on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

incarcerated." (Vukich's Br. 17.) We agree with the District Court that the Eleventh Amendment (among other things) bars a claim for damages against the Pennsylvania state courts. See Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). To the extent that Vukich's appellate brief indicates that he also intended to seek damages against a state-court judge and the attorneys who were involved in his state-court proceedings, that claim is barred by, among other things, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that, in order for a 42 U.S.C. § 1983 plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment," he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

In view of the above, we will affirm the District Court's dismissal of Vukich's case.[3] His request for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[3] To the extent that Vukich intended to attack the validity of one or both of his sentences, the proper vehicle for doing so is a habeas petition, not a civil complaint. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although the District Court could have liberally construed his filings in this case as a habeas petition, we see no reason to remand on this basis. Even if Vukich were still "in custody" with respect to either of these sentences when he brought this case, see Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (explaining that a district court has jurisdiction to entertain a habeas petition only if the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed"), a habeas challenge to his original sentence clearly would have been

time-barred, <u>see</u> 28 U.S.C. § 2244(d)(1), and the District Court would have lacked jurisdiction over a habeas challenge to his probation-violation sentence because he had attacked that sentence in a prior habeas petition, <u>see</u> <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002).